UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

CRAIG CUNNINGHAM, Pro-se )
)
   *Plaintiff* ) 3-16 2922
) CIVIL ACTION NO.:
v. )
)

Robert Jacovetti, Law Office of Robert Jacovetti, P.C., Pre-Paid Legal Services, Inc., d/b/a LegalShield, Pre-Paid Legal Casualty, Inc., and John/Jane Does 1-5 )

*Defendants.*

## Plaintiff's Original complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Robert Jacovetti is a New York licensed attorney who is not licensed in Tennessee and has an address for service of at 65 Columbia Road, Rockville Centre, NY 11570 or 116 West 23rd street, 5th Floor New York, New York, 10011.

3. Law Office of Robert Jacovetti, P.C. is a New York Professional Corporation operating from and owned by Robert Jacovetti and can be served via Registerd Agent Robert Jacovetti, 65 Columbia Road, Rockville Centre, NY 11570.

4. Pre-paid Legal Casualty, Inc., is an Oklahoma Corporation registered in Tennessee with a registered agent of CT Corporation System, 800 Gay St., ste 2021, Knoxville, TN 37929.

5. Pre-paid Legal Services, Inc., is an Oklahoma Corporation with a registered agent

Kathleen Pinson, One Pre-paid Way, Ada, Oklahoma 74820.

## Jurisdiction

6. Jurisdiction of this court arises as the acts happened in this county.

7. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

## FACTUAL ALLEGATIONS

8. In the months of February, March, April 2016, the Plaintiff received a debt collection collection/Debt relief calls that were initiated by an automated telephone dialing system and contained a pre-recorded message.

9. The Plaintiff recieved calls on 615-212-9191 and 615-331-7262 on at least 30 different occasions from 516-596-8335 and 206-525-0076. The calls from 206-525-0076 was initiated by an automated telephone dialing system and contained a pre-recorded message which stated: *Hi, This is a public service announcement letting you know that if have over $10,000 in credit card debt or personal loans, you could be completely debt free. We're giving individuals free information on how we can completely eliminate your unsecured debt. The laws have changed, allowing us to go in and remove your debt completely. Press 1 and talk to one of our representatives for more information."*

10. The message then transferred to a voicemail prompting the called parties to leave their name, amd amout of debt.

11. The pre-recorded messages never stated the name, dba, legal name, or any other

identifying information about the caller or the called party and the 206-525-0076 number was clearly spoofed and not a working number as the Plaintiff attempted to call it back, but the number was always busy and was never a working number.

12. The Defendants used a non-working number because they wanted to avoid scrutiny and to misrepresent the true number that they were calling from as the defendants knew that they were breaking the law and wanted to get away with it. This non-working number is an indication that the defendants were knowingly and intentionally trying to violate the law.

13. The Plaintiff later recieved multiple calls from 516-596-8335, which were initiated by an automated telephone dialing system, to the Plaintiff's cell phones, both 615-331-7262 and 615-212-9191 from agents or employees from the Law Office of Robert Jacovetti PC.

### Services offered as a result of the illegal calls to the Plaintiff

14. The Plaintiff then was offered a debt relief program designed to use the instrumentalities of interstate commerce and the mails for the principal purpose of collecting debts directly or indirectly owed to another entity. In the Plaintiff's case, the Defendants attemted to collect a debt owed on credit cards to Chase and Discover via their debt relief program. This qualifies the defendants as *"debt collectors"* as defined by the FDCPA 15 USC 1692.

15. The Debt relief program consisted of the Plaintiff closing his credit cards and then entering into the hardship programs at the respective lending institutions.

16. The Plaintiff was also sent a retainer agreement for the legal services of Robert Jacovetti, which included a cost of $5,250 in legal fees and a Legal Shield

Protection Plan of $27.90. These were the services that were being offered as a result of the illegal automated telephone calls to the Plaintiff's cell phones.

17. The retainer agreement lists Robert C. Jacovetti, Esq and the Law Office of Robert Jacovetti, P.C. as signers on the agreement. The retainer agreement and correspondance from Robert Jacovetti are included with this lawsuit as Exhibit A.

18. Legal Shield, formerly known as Pre-Paid Legal is a multi-level marketing program that offers legal services and was offered to the Plaintiff as a required part of the debt relief program. Legal Shield was claimed to be "local counsel" for the Plaintiff if the Plaintiff needed to be representation in court and "part of your monthly payment." If the Plaintiff were sued by one of the creditors as Robert Jacovetti is not licensed to practice in Tennessee, they would need a local lawyer to represent the Plaintiff and this is where Legal Shield came in, for which Robert Jacovetti recieves a kickback payment for each and ever Legal Shield membership sold.

19. This means that pursuant to FCC Declaratory rulings, Legal Shield, Robert Jacovetti, and the Law Offices of Robert Jacovetti, P.C. are all sellers and liable for each and every call, regardless of if they actually placed the calls or not as their services were sold and offered as a result of the illegal calls.

20. The Plaintiff alleges that Defendants Robert Jacovetti and Law Offices of Robert Jacovetti, P.C. are a debt collectors as defined by the FDCPA.

21. The Defendant also used an automated telephone dialing system to call the Plaintiff's cell phone in violation of the TCPA, 47 USC 227(b) and 47 USC 227(c)(5) for each and every call.

22. The calls violated 47 USC 227(b) as the calls were automated and placed to the Plaintiff's cell phone without the Plaintiff's consent and without an emergency purpose.

23. These calls were knowingly and willfully placed as the defendants used the false caller ID on the initial outgoing calls and the pre-recorded messages failed to state that the calls were coming by or on behalf of Law Offices of Robert Jacovetti, P.C.

## CAUSES OF ACTION:

### COUNT I

**Knowing and Willful Violations of the Telephone Consumer Protection Act by all Defendants 47 USC 227(b) (TCPA)**

24. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

25. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without the Plaintiff's consent to the Plaintiff's Cell phone using an automated telephone dialing system with a pre-recorded message.

### COUNT II

**Knowing and Willful Violations of the Telephone Consumer Protection Act by all Defendants 47 USC 227(c)(5) (TCPA)**

26. Plaintiff Cunningham incorporates by reference all of the above paragraphs of

this complaint as though fully stated herein.

27. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by the defendants failing to have an internal do-not-call list, failing to properly identify themselves on the pre-recorded messages, and failing to train their agents and employees on the use of an internal do-not-call list.

## COUNT III

### Violations of the Fair Debt Collection Practices Act 15 USC 1692 et seq. by Robert Jacovetti and Law Offices of Robert Jacovetti, P.C. (FDCPA)

28. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

29. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without the Plaintiff's consent to the Plaintiff's Cell phone.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages of $3000 for each phone call

C. Pre-judgment interest from the date of the phone calls.

D. Punitive damages for all claims in the amount of $25,000

E. Attorney's fees for bringing this action as incurred; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham

Plaintiff, Pro-se

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, Tn 37211

615-348-1977
11/10/2016